# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

AVA S. SMITH                                                        PLAINTIFF

V.                                                CAUSE NO. 3:16-CV-885-CWR-FKB

UNIVERSITY OF MISSISSIPPI                                          DEFENDANT
MEDICAL CENTER

## ORDER

Before the Court is the defendant's motion for summary judgment. Docket No. 32. The familiar legal standard applies. The parties agree that Smith's retaliation claim fails, so the analysis begins and ends with her race discrimination claim.

UMC begins by challenging Smith's prima facie case. It contends that Smith, who is African-American, has not shown that she was replaced by a person outside of her race or otherwise subjected to differential treatment. In a declaration, however, former coworker Kimberly Pigford says UMC replaced Smith with a white person. That is enough.

UMC justifies terminating Smith by pointing to her disciplinary record. In 2013 and 2014, several coworkers and patients had complained that Smith was unprofessional and argumentative. UMC counseled Smith and placed her in its "Progressive Discipline Process." The last such complaint was made by a patient on December 16, 2014. UMC terminated Smith three days later.

Smith agrees that she was fired for unprofessional conduct. She nevertheless contends that her case should proceed to trial because she was not rude to the patient who filed the December 2014 complaint, and because two statements from former coworkers suggest that UMC is being less than truthful. In the first, Pigford attests that in October or November 2014, Pigford's manager asked her to write a false statement alleging that Smith had cursed at another

employee. The second statement is a letter from former coworker Barbara Sumrall, who writes,

"I have not witnessed Ava [Smith] being rude to any of our patients."

The legal standard at this step is well-established:

> the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. The plaintiff must rebut each nondiscriminatory reason articulated by the employer. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence. An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. No further evidence of discriminatory animus is required because once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation. The rare instances in which a showing of pretext is insufficient to establish discrimination are (1) when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or (2) when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred. A decision as to whether judgment as a matter of law is appropriate ultimately turns on the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

*Laxton v. Gap Inc.*, 333 F.3d 572, 578–79 (5th Cir. 2003) (quotation marks, citations, and ellipses omitted).

On review, the Court is not persuaded that Smith has demonstrated a genuine issue of material fact on pretext. Smith *admitted* in written discovery that she was "terminated from UMMC on December 19, 2014 for unprofessional and rude conduct [she] displayed toward a patient." Her attempt to contradict that evidence through a subsequent declaration cannot be considered, *see S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996), and the Sumrall letter is of no use, since Smith confesses to the behavior Sumrall claims she never

witnessed. Based on the available evidence, UMC's reason for terminating Smith is neither false nor unworthy of credence.

To be sure, Pigford's testimony is damaging to UMC. Management should not be asking employees to lie about their coworkers. And, unfortunately, this is not the first time a plaintiff has produced evidence that a UMC manager asked a subordinate to fabricate "disparaging letters concerning [the plaintiff's] professionalism." *Zhan v. Univ. of Mississippi Med. Ctr.*, No. 3:14-CV-777-CWR-FKB, 2016 WL 5374141, at *5 (S.D. Miss. Sept. 26, 2016). Smith was not terminated on the basis of a fabricated letter, though—she admits the conduct that caused her to be fired. Without more, her race discrimination claim cannot proceed.

The motion is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 7th day of March, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE